## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Andrew J. Hickey
County Auditor
Victoria County
Victoria, Texas

Dear Sir:

Opinion No. O-1018
Re: Is it the duty of the county or drain-
age district to replace bridges over
ditches under the situation set out?

Your request for opinion upon the above
question has been received by this department.

We quote from your letter as follows:

"The population of Victoria County for
1930 was 20,048. In this county there are
four drainage Districts, two have mainten-
ance taxes.

"Operating with their maintenance funds
these drainage districts often widen a
ditch over which there is now a bridge.
Often these bridges are more or less worn
out. Under Article 8161 are the drainage
districts required to replace such bridges
or is it the duty of the county to replace
bridges over drainage districts' ditches?

"Further is it the duty of the County or
the drainage district to replace bridges
over their respective ditches even though
there is no maintenance fund for such drain-
age district?"

"The statutes provide for the election of
drainage commissioners, Article 8819, or in

S TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Andrew J. Hickey, page 2

lieu thereof their appointment by the Com-
missioners' Court, Article 8818. Other pro-
visions regulate the drainage commissioners
terms of office, Article 8819, their salar-
ies, 8120, their oath of office, Article
8121, official bonds, Article 8122, and their
organization, Article 8123.

"It is the duty of the drainage commis-
sioners to appoint a competent civil engineer,
who shall make the necessary maps, profiles,
estimates, etc., for the improvements con-
templated; and it is their duty to keep the
canals, ditches, etc., in repair. They have
general authority to supervise and control
the construction and maintenance of these
works. Article 8154. They may construct
necessary railway and road culverts., arti-
cles 8160 and 8161. * * * " (16 Tex. Jur. p.p.
732-5.)

Article 8161, Revised Civil Statutes of Tex-
as, reads as follows:

"The commissioners are authorized and
required to build all necessary bridges and
culverts across and over all canals, drains,
ditches, laterals and levees constructed
hereunder whenever the same cross a county
or public road, and shall pay for same out
of the drainage fund."

The term "commissioners" as used in Article
8161 refers to drainage commissioners mentioned in
the preceding articles of the same chapter.

7 Tex. Jur., Section 7, p.p. 384-5-6, in part,
reads as follows:

"The legislature has conferred the power
to construct bridges upon many of the poli-
tical and administrative subdivisions of the
state, - including the governing body of a
municipality, the board of aldermen of a
town or village, fresh-water supply districts,
levee improvement districts, water improve-

Hon. Andrew J. Hickey, page 3

ment districts, and the commissioners court of a county.

"The commissioners court is authorized to construct bridges across or under any railroad right of way, and over any canal, levee, ditch, etc., to adopt regulations for the removal of obstructions from bridges, and to regulate the tonnage of vehicles using bridges. . . .

"Under this general power it is not to be doubted that a general discretion is vested in the members of the commissioners court to determine when and where bridges shall be constructed in their county, and in such case no individual citizen or group of citizens can complain of an honest effort to exercise the power and duty so given. Where an irrigation canal company upon which the statute imposes the duty to keep a bridge in repair fails to do so, the county may make the necessary repairs and then recover the sum from the one upon whom the duty rested. The county is not in the position of a mere volunteer, but has the primary duty of maintaining or causing to be maintained its public roads and bridges, and is not relieved of its duty to the public by the fact that the duty is also imposed on someone else." (Underscoring ours). Citing the case of ORANGE COUNTY v. COW BAYOU CANAL CO., 143 S.W. 963.

You are, therefore, respectfully advised that it is the opinion of this department that it is the duty of the drainage district to replace or repair bridges over drainage district ditches.

You are further respectfully advised that it is the opinion of this department, that if the drainage district fails or refuses in this respect, then, in that event, the county should replace or repair bridges on its public roads over said drainage ditches.

Hon. Andrew J. Hickey, page 4

You are further respectfully advised that if the county makes the necessary repairs or replacements, the county may recover the sum expended from the drainage district.

Trusting that this satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Wm. J. Fanning*

Wm. J. Fanning
Assistant

APPROVED JUL 29, 1939

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN